FILED
SUPERIOR COURT
OF GUAM

2014 JUL -3 PM 4: 59

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CARLA GUTIERREZ STAHL,<br><br>     Plaintiff,<br><br>v.<br><br>CHRISTOPHER STAHL,<br><br>     Defendant. | DOMESTIC CASE NO. DM 0842-10<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 9th day of April, 2014, for hearing on the Court's Order to Show Cause for Failure to Pay Suit Money and Spousal Support issued to the Defendant. Attorney Joaquin Arriola represented the Plaintiff, and Attorney Gerald Grey represented the Defendant. For the reasons set forth below, the Court CONFIRMS the prior suit money order, ORDERS the Defendant to pay spousal support, ORDERS the Plaintiff to prepare Proposed Findings and Order regarding the proper amount of spousal support, DISMISSES the action for dissolution of marriage, and ORDERS the parties to submit further briefing on remaining issues.

## FACTUAL AND PROCEDURAL HISTORY

On December 28, 2010, Carla Gutierrez Stahl ("the Plaintiff") filed a Complaint for Divorce against her husband Christopher Stahl ("the Defendant") with the Superior Court of Guam. The parties have two minor children, who are domiciled with the Plaintiff in Guam.

In April, 2011, the Defendant filed for divorce in the Circuit Court of Loudoun County, Virginia ("the Virginia Court"). The Virginia Court determined Defendant to be a resident of Virginia. The Plaintiff in this action appeared in the Virginia Court by filing a demurrer and a motion to dismiss, but her motion was denied. The Virginia Court determined that service of process on the Defendant had been properly performed and her appearance waived her right to contest personal jurisdiction.

On July 17, 2012, the Virginia Court issued a Final Order of Divorce ("Virginia Divorce Decree"). The Virginia Divorce Decree granted a divorce to the Defendant. It also asserted jurisdiction over both child custody and child support issues relating to the parties' Guam-resident children and over issues of spousal support. However, the Virginia Court did not make any orders regarding child custody, child support, or spousal support. Lastly, the Virginia Court made certain property determinations relating to Virginia real estate, vehicles, and money, and made debt determinations regarding business and personal debt.

In this Court, on May 25, 2012, the Plaintiff moved for spousal support and attorney's fees, and for contempt for the Defendant's failure to pay child support, with a Declaration in support of the motions. On August 27, 2012 the Defendant moved to dismiss the Plaintiff's suit on the basis of the Virginia Divorce Decree. At a hearing on September 12, 2012, the Court noted that the document produced by the Defendant appeared to be a valid decree of divorce,

but that it could not be authenticated because it was not certified or stamped. From the bench, the Court denied the motion to dismiss and ordered the Plaintiff to pay ten thousand dollars ($10,000) in suit money. However, the Court did not state the time when the legal expenses were incurred or the evidentiary basis for the order.

The Defendant appealed the award of suit money. Meanwhile, the Court retained jurisdiction over other, un-appealed, issues. At a hearing on November 9, 2012, the Court took evidence to determine the appropriate amount of spousal support, and instructed the Plaintiff's Counsel to submit Proposed Findings and Order Regarding the Motion for Fees and Support. This document was filed on February 4, 2013. The order was not signed by the Court prior to the Supreme Court's May 10, 2013 stay of the case.

On November 20, 2013, the Supreme Court of Guam issued an Opinion and Judgment reversing and remanding this Court's order, with instructions to clarify whether any part of the suit money order was for legal expenses the Plaintiff incurred after the Virginia Divorce Decree was issued, and to specify the evidentiary basis of the suit money order. The Supreme Court also directed this Court to dismiss the claim seeking dissolution of the marital relationship, and proceed with the issues of "child custody and support."

Upon remand of the case, on December 20, 2013, the Plaintiff made a Motion for Order of Contempt and Order to Show Cause for Failure to Pay Suit Money and Spousal Support. On January 8, 2014, the Court issued an Order to Show Cause for Failure to Pay Suit Money and Spousal Support, nunc pro tunc to December 30, 2013.

After a pair of continuances, the hearing took place on March 19, 2014. The Court ordered that the ten thousand dollars of suit money be reduced to judgment, with the judgment

to be prepared by the Plaintiff's counsel. The Court continued the issue of spousal support to April 9, 2014.

At the hearing, the Court issued the Judgment and Order Regarding Attorney's Fees that had been prepared by the Plaintiff's counsel and approved as to form by the Defendant's counsel. The Court also heard oral argument on the question of spousal support. While the Plaintiff's counsel asserted that the Court had the power to award ongoing and future spousal support, he did not provide legal authority in support of this assertion. The Court took the matter under advisement.

## DISCUSSION

### I. Suit Money Order

On September 12, 2012, the Court made an oral order for the Defendant to pay the Plaintiff ten thousand dollars ($10,000) in suit money. The Defendant appealed this order.

The Supreme Court's reversal and remand was based on the Virginia Divorce Decree, and this Court's obligation to show the Virginia Court's judgment full faith and credit. Stahl v. Stahl, 2013 Guam 26 ¶ 28; see U.S. Const. art. IV, § 1; see Organic Act of Guam, 48 U.S.C. § 1421b(u) (2011). Although at the time of the suit money order on September 12 the Virginia Divorce Decree had not been certified or stamped to prove its authenticity, the Plaintiff was able to establish these formalities on September 24. The Supreme Court determined that this Court owes the Virginia Divorce Decree full faith and credit from the time that decree became effective in Virginia, not merely from the time the decree was authenticated in Guam. Stahl v. Stahl, 2013 Guam 26 ¶ 33. Because the parties were divorced as of July 17, 2012, this Court lost its jurisdiction over the cause of action for dissolution of marriage as of that date, because after July 17, 2012 the marriage between the parties no longer existed. Id. at ¶ 33.

19 GCA § 8402, the Guam statute that enables a Superior Court judge to order payment of suit money from one spouse to another, by its terms restricts such an order to the time "[w]hen an action for dissolution is pending." 19 GCA § 8402 (2005). The Supreme Court determined the pendency requirement to mean that although this Court could not award suit money to pay any legal expenses incurred after the Virginia Divorce Decree of July 17, 2012, it could still order suit money paid if the legal expenses were incurred prior to the divorce, when the action was still pending. Stahl v. Stahl, 2013 Guam 26 ¶ 45. The Supreme Court remanded the case for this Court to indicate when the legal expenses that the suit money order was designed to recompense took place, and to detail the evidentiary basis for the award. Stahl v. Stahl, 2013 Guam 26 ¶ 47-48.

On remand, this Court confirmed the suit money order and reduced it to judgment at an oral hearing on March 19, 2014. The order was based on evidence previously submitted by the Plaintiff and her counsel in the Plaintiff's Declaration in Support of Motion for Support and Fees. This declaration, filed filed May 25, 2012, detailed the Plaintiff's monthly expenses and income, the marital assets, the Defendant's income, child support obligations, and the legal expenses incurred by the Plaintiff to prosecute the lawsuit. Pl.'s Decl., May 25, 2012. The ten thousand dollar amount ordered by the Court was less than the thirteen thousand dollars of legal expenses the Plaintiff declared she had incurred as of May 25, 2012. Nor did the amount ordered include the one thousand dollars per month of legal expenses she expected to incur subsequently.

At the Court's direction, the Plaintiff's counsel prepared the written Judgment and Order. However, the Court overlooked the date indicated in the Judgment and Order, which

read "July, 2013." The Court intended to order payment only for legal expenses incurred prior to the Virginia Divorce Decree, which took place on July 17, 2012, not July 2013.

## II. Spousal Support

The same statute that enables a Guam Superior Court judge to order payment of attorney's fees during the pendency of a divorce action also allows for an order to pay spousal support: "When an action for dissolution is pending, the court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary to enable the wife, or husband, to support herself..." 19 Guam § 8402 (2005). Upon remand of the case, the Court must determine whether it has jurisdiction to award spousal support to the Plaintiff. See Stahl v. Stahl, 2013 Guam 11 ¶ 49.

The Guam Supreme Court has ruled that the doctrine of divisible divorce applies in Guam. Speicher v. Speicher, 2013 Guam 11 ¶¶ 16-23. "Divisible divorce is based on the principle under which 'financial responsibility and marital status may be separately litigated at different times and in different forums.'" Speicher v. Speicher, 2013 Guam 11 ¶ 17 (quoting In re Marriage of Gray, 251 Cal. Rptr. 846, 850 (Ct. App. 1988)). The purpose of divisible divorce is to ensure that "[t]he dissolution of a marriage, which the law has found to be unworkable and injurious to the public, 'is not dependent upon final settlement of property disputes.'" Speicher v. Speicher, 2013 Guam 11 ¶ 17 (quoting Hull v. Superior Court, 352, P.2d 161, 165 (Cal. 1960)). Applying the doctrine to the present case, the Virginia Court may have only adjudicated some aspect of the parties' divorce, not all aspects.

The Defendant, Christopher Stahl, submitted a stamped and certified copy of the Virginia Divorce Decree to this Court on September 24, 2012. Moroni Decl. Ex. A, Sep. 24, 2012. That decree ordered the award of a divorce to the Defendant. The decree also made an

equitable distribution of the parties' marital residence in Virginia, certain vehicles and the proceeds of the sale of a vehicle, and business and personal debt, and accordingly made a monetary award to the Defendant. Moroni Decl. Ex. A, Sep. 24, 2012.

On child custody and support, and on spousal support, the Virginia Divorce Decree says the following: "II. Custody and Child Support. This Court has jurisdiction to determine custody and child support issues but these issues were not presently before the Court for adjudication. III. Spousal support. This Court has jurisdiction over issues of spousal support. However, as neither party petitioned the Court to award spousal support, the Court declines to make any award for spousal support, alimony or maintenance to the other party." Moroni Decl. Ex. A Sep. 24, 2012. The Virginia Court asserted jurisdiction over the parties' marriage and over certain of their properties and debts, and issued orders accordingly. But while the Virginia Court also asserted jurisdiction over child custody and support and spousal support, it made no determinations and issued no orders with regard to these issues.

The Full Faith and Credit Clause of Article IV of the United States Constitution applies to the courts of Guam via the Organic Act of Guam. U.S. Const. art. IV, § 1; Organic Act of Guam, 48 U.S.C. § 1421b(u) (2011). The obligation to show a sister state court's judgment full faith and credit requires this Court to determine the contours of the judgment rendered in the Virginia Divorce Decree.

The Supreme Court ruled that the issuance of the Virginia Divorce Decree rendered the parties divorced and ended this Court's subject matter jurisdiction over the dissolution action. Stahl v. Stahl, 2013 Guam 26 ¶ 15. However, a valid decree of divorce issued by one court does not necessarily end another court's jurisdiction over ancillary issues relating to the divorce. See Speicher v. Speicher, 2013 Guam 11 ¶ 17. Instead, "the Full Faith and Credit Clause compels

recognition of the divorce decree as an adjudication of marital status only, without affecting or prejudicing any property rights that may be incident to that status." Id. (citing In re Marriage of Gray, 251 Cal. Rptr. 846, 850 (Ct. App. 1988)); see also Estin v. Estin, 334 U.S. 541, 549 (1948) (holding that a Nevada divorce decree could not restrain a party's assertion of a New York judgment). The factual difference in this case is that the Virginia Divorce Decree also adjudicated some property matters as well as the divorce itself.

Because the Virginia Divorce Decree ended the pendency of the Plaintiff's Guam action for dissolution of marriage, the Supreme Court ruled that this Court could not award attorney's fees for legal expenses incurred after the parties were divorced. Stahl v. Stahl, 2013 Guam 26 ¶¶ 36-47. However, in light of the its Cruz v. Cruz ruling that the time in which a divorce action is pending includes appeals, the Supreme Court ruled that this Court could order suit money paid for legal fees and expenses incurred by the Plaintiff before the divorce on July 17, 2012. See Cruz v. Cruz, 2003 Guam 3 ¶¶ 18-20; Stahl v. Stahl, 2013 Guam 26 ¶ 44-45.

The current stage of the litigation is a remand from the Supreme Court to the Superior Court on the appealed issue of suit money. Judgment has been entered as to the suit money, but not as to spousal support. As the question of attorney's fees was still pending because the appellate process was incomplete, so to the question of spousal support still pending, as any appellate process with regard to spousal support that may occur has not taken place yet.

Due to the application of the doctrine of divisible divorce and the meaning of "pendency" in 19 GCA § 8402, this Court is not barred from awarding spousal support accrued before July 17, 2012. While the Virginia Divorce Decree is due full faith and credit by this Court, that decree did not adjudicate the issues of spousal support, child custody, or child support. Moroni Decl. Ex. A, Sep. 24, 2012. Thus, with regard to those issues, there is no

judgment to grant full faith and credit to. The Supreme Court instructed this Court to relinquish jurisdiction over the claim for marital dissolution, but with regard to child custody, child support, and spousal support, the Supreme Court instructed that: "The trial court may proceed with determining its ongoing jurisdiction in the child custody and support issues in light of the Virginia Divorce Decree." Stahl v. Stahl, 2013 Guam 26 ¶ 49.

The Court determines that it retains jurisdiction over spousal support. A contrary ruling, holding that the Virginia Divorce Decree's non-adjudication of spousal support precludes this Court from ordering spousal support, would necessarily also extend to the decree's non-adjudication of child custody and child support. This could potentially leave the parties without any clarity on custody or support for the remainder of their children's minorities. However, while this Court owes full faith and credit to the Virginia Divorce Decree, that decree does not revoke this Court's jurisdiction over the aspects of the litigation that were unresolved by the Virginia Court's judgment. See Speicher v. Speicher, 2013 Guam 11 ¶¶ 17; see also Estin v. Estin, 334 U.S. 541, 549 (1948); see also In re Marriage of Gray, 251 Cal. Rptr. 846, 850 (Cal. App. 1988).

Prior to the Defendant's appeal, on November 9, 2012 the Court took evidence relating to the Plaintiff's motion for spousal support to determine the amount of support she was entitled to during the pendency of the action. The Court stated that any spousal support award would only be for expenses that were non-duplicative or otherwise part of child support. The Court directed the Plaintiff's Counsel to submit proposed Findings of Fact, and specified which expenses would not be included in the support order. On February 4, 2013 the Plaintiff's Proposed Findings and Order were submitted, proposing a monthly sum of three thousand one

hundred one dollars ($3,101.00) as temporary spousal support. The order was not signed by the Court prior to the Supreme Court's May 10, 2013 stay of the case.

The Court ORDERS the Defendant to pay spousal support in an amount to be determined. The Court ORDERS the Plaintiff, by and through counsel, to prepare and file Proposed Findings and Order regarding the amount to be ordered, within thirty days of the date of this order. Consistent with the Opinion of the Supreme Court and with the above analysis, the Findings and Order shall reflect that the Defendant's obligation began on December 28, 2010, when the Plaintiff's Complaint for dissolution of marriage was filed, and ceased upon the parties' divorce on July 17, 2012. The Proposed Findings and Order shall bring any relevant facts or circumstances that reflect on the Plaintiff's financial needs during that time period to the attention of the Court.

## III. Dissolution

The Supreme Court's November 20, 2013 Opinion and Judgment directed this Court to dismiss the Plaintiff's action for dissolution of marriage. Stahl v. Stahl, 2013 Guam 26 ¶ 49. As it does not appear that such dismissal has been officially ordered, the Plaintiff's action for dissolution of marriage is hereby DISMISSED.

## CONCLUSION

For the reasons set forth above, the Court CONFIRMS the previous order of attorney's fees. The Court ORDERS the payment of spousal support in an amount to be determined. The Court ORDERS the Plaintiff to submit Proposed Findings and Order regarding the amount of spousal support that are consistent with the above analysis within thirty (30) days of this Decision and Order. The Court DISMISSES the Plaintiff's claim for dissolution of marriage. Questions of child support are before the proper jurisdiction of Referee Ingles. The Court

ORDERS the Plaintiff to submit a brief on the Court's power to order ongoing and future spousal support within twenty (20) days. This brief must acknowledge the law of the case as established by the Supreme Court in Stahl v. Stahl, 2013 Guam 26, and the Plaintiff must make arguments that are consistent with the Supreme Court's Opinion. The Court ORDERS the parties to submit briefs on the community property issues remaining in this litigation within thirty (30) days of this Decision and Order.

IT IS SO ORDERED    JUL 07 2014

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the
Original hereto was placed in the
court box of:

Atty Arriola, DMR
Atty Gray

Date: 7/3/14 Time: 5:15pm

Deputy Clerk, Superior Court of Guam